**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **ACS TRANSPORT SOLUTIONS, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **No. 3:13-1137** |
| **v.** ) | |
| ) | **Judge Sharp** |
| **NASHVILLE METROPOLITAN** ) | |
| **TRANSIT AUTHORITY,** ) | |
| ) | |
| **Defendant.** ) | |

<u>**ORDER**</u>

Defendant Nashville Metropolitan Transit Authority (MTA) moves the Court to dismiss Plaintiff ACS Transport Solutions, Inc.'s complaint for improper venue under Federal Rule of Civil Procedure 12(b)(3). (Docket No. 18). The Court denies the motion without prejudice.

MTA contracted with ACS to provide certain communications systems for MTA's public-bus system. The parties also entered into two related License Agreements that gave MTA the right to use software ACS licensed to it. According to ACS, MTA terminated ACS's contracts on September 25, 2012. With that move, ACS says, MTA also ended its right to use ACS's software under the License Agreements. MTA's continued use of that software spawned ACS's one-count complaint, which accuses MTA of directly infringing ACS's copyrights in violation of federal law.

In the pending motion to dismiss for improper venue, MTA seeks to enforce a forum-selection clause contained in the parties' various agreements that requires ACS to bring "any" action arising from the agreements in Tennessee state court.

Long before the parties filed their papers related to this motion, the Sixth Circuit held that "a forum selection clause should not be enforced through dismissal for improper venue under

FRCP 12(b)(3) because these clauses do not deprive the court of proper venue." *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 830 (6th Cir. 2009) (citing *Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 535 (6th Cir. 2002)). And shortly before the parties dueled over MTA's motion, the Supreme Court came to a similar conclusion. *See generally Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tx.*, 134 S. Ct. 568, 577 (2013).

Rule 12(b)(3) authorizes dismissal only when venue is "improper." Fed. R. Civ. P. 12(b)(3). And 28 U.S.C. § 1391, in turn, "generally govern[s]" that inquiry. *Id.* at 577. Section 1391(b) provides that

> A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). If venue in a case is not laid within these confines, then it may be "improper." *Atl. Marine*, 134 S. Ct. at 577. But if "a case [is] filed in a district that falls within § 1391," venue is not "improper," and thus a case "may not be dismissed under . . . Rule 12(b)(3)."[1] *Id.*

---

[1] In some cases, a venue provision more specific than § 1391 may apply. The venue statute that applies to copyright suits—which allows (but does not require) suits to be "instituted in the district in which the defendant or his agent resides or may be found," *see* 28 U.S.C. § 1400(a)—is an example. *Atl. Marine*, 134 S. Ct. at 577 n.2. The Supreme Court's logic relating to cases that fall within the general venue provision applies with equal force to cases that are subject to and fall within a more specific venue provision like § 1400.

This is true even in the face of a valid forum-selection clause, about which Rule 12(b)(3) "say[s] nothing." *Id*. at 577. "Whether the parties entered into a contract containing a forum-selection clause has no bearing on whether a case falls into one of the categories of cases listed in § 1391(b)." *Id*. As long as "the federal venue statutes establish that suit may be brought in a particular district, a contractual bar cannot render venue in that district 'wrong'" or "improper." *Id*. at 578. In sum, like the Sixth Circuit before it, the Supreme Court in *Atlantic Marine* concluded that a motion to dismiss for improper venue under Rule 12(b)(3) is not the correct way to enforce a valid forum-selection clause.

How, then, can a party do so? *Atlantic Marine* provides two answers. First, if the clause points to a particular federal district, it is enforced through a motion to transfer under § 1404(a). *Id*. at 579. That statutory provision states that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Second, if the forum-selection clause instead points to a foreign or state forum, "the appropriate way to enforce [it] is through the doctrine of *forum non conveniens*." *Atl. Marine*, 134 S. Ct. at 580. Functionally, however, the two paths entail the same analysis. "[B]ecause both § 1404(a) and the *forum non conveniens* doctrine from which it derives entail the same balancing-of-interests standard, courts . . . evaluate a forum-selection clause pointing to a nonfederal forum in the same way that they evaluate a forum-selection clause pointing to a federal forum." *Id*.

In this case, MTA cannot enforce the parties' forum-selection clause under Rule 12(b)(3). MTA's motion runs headlong into binding authority from both the Sixth Circuit and the Supreme Court. As a result, the motion is denied. The Court realizes there may be some overlap between

the relevant factors in a proper *forum non conveniens* analysis and what the parties have already briefed in the improper Rule 12(b)(3) analysis.  But in the interests of both fairness and fidelity to precedent, the Court will not refashion the parties' arguments to fit the proper analytical framework.  If MTA desires to do so, it may file a proper motion challenging this forum on the basis of a forum-selection clause pursuant to the *forum non conveniens* doctrine.

For the reasons stated, the Court DENIES WITHOUT PREJUDICE Defendant's motion to dismiss for improper venue (Docket No. 18).

_____

KEVIN H. SHARP

UNITED STATES DISTRICT JUDGE